Scott Kalkin, State Bar No. 120791
**ROBOOSTOFF & KALKIN**
A Professional Law Corporation
369 Pine Street, Suite 820
San Francisco, California 94104
(415) 732-0282

Attorney for Plaintiff Richard Trecartin

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard Trecartin, | ACTION NO.: |
| Plaintiff, | **COMPLAINT** |
| v. | |
| UNUM Life Insurance Company of America, and Provident Life and Accident Insurance Company, | |
| Defendant. | |

JURISDICTION

1. This action for declaratory, injunctive, and monetary relief is brought pursuant to § 502 of ERISA (29 U.S.C. § 1132), and the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has subject matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

//

//

Complaint                    1

## VENUE

2. Venue lies in the Northern District of California because, pursuant to ERISA § 502 (e) (2) (29 U.S.C. § 1132 (e) (2)), the Morgan Lewis & Bockius LLP Long Term Disability Plan, (hereinafter the "PLAN"), is administered in this District and the wrongful conduct alleged herein took place in this District. Venue is also proper pursuant to 28 U.S.C. § 1391 (b), in that a substantial portion of the events or omissions giving rise to plaintiff's claims occurred within this District.

## INTRADISTRICT ASSIGNMENT

3. This action should be assigned to the division in San Francisco pursuant to Civil Local Rule 3-2(c) and (d) because it arose from actions that occurred in the County of San Francisco, the location where a substantial portion of the long term disability claim which is the subject of this lawsuit was administered.

## PARTIES

4. At all relevant times, plaintiff RICHARD TRECARTIN was, and is, a PARTICIPANT, as defined in ERISA § 3 (7) (29 U.S.C. § 1002 (7)), in the PLAN.

5. At all relevant times, the Morgan Lewis & Bockius LLP Long Term Disability Plan was an employee welfare benefit plan within the meaning of ERISA § 3 (1) (29 U.S.C. § 1002 (1)), sponsored by Morgan Lewis & Bockius LLP and/or its successor(s) in interest, and administered, at least in part, in San Francisco, California. At all relevant times, the PLAN offered long term disability benefits to the employees of Morgan Lewis & Bockius LLP, including plaintiff, through, *inter alia*, insurance policies issued by defendants UNUM LIFE INSURANCE COMPANY OF AMERICA (hereinafter "UNUM") and PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY (hereinafter "PROVIDENT").

6. At all relevant times, defendant UNUM, or one of its subsidiary or parent companies, administered the claims at issue herein. All of said entities were fiduciaries of the PLAN within the meaning of ERISA § 3 (21), 29 U.S.C. § 1002 (21). At all relevant times,

UNUM exercised control over the payment of long term disability benefits which are PLAN assets.

## FACTS COMMON TO ALL CLAIMS

7. Prior to his disability, plaintiff worked full-time an attorney for Morgan Lewis & Bockius LLP.

8. On or about January 12, 2009, plaintiff filed a claim for disability benefits with defendants and the PLAN. Plaintiff had been suffering from prolonged sickness as a result of his total disability. As a result of this, and other acute and chronic medical problems, plaintiff was found to be disabled by his treating physician. On or about April 29, 2009, defendant UNUM approved plaintiff's claim for disability benefits under the policies and the Plan.

9. Between October of 2009, and the present, and at all other relevant times, plaintiff complied with all terms and conditions of the policies and the PLAN and remained, and continues to remain, disabled under the terms of the policies and the PLAN.

10. On or about November 24, 2009 defendant UNUM terminated plaintiff's claim for continued disability benefits under the policies and the PLAN, alleging that certain information in its possession indicated that plaintiff no longer met the definition of disability under the terms of the policies and the PLAN.

11. On or about May 20, 2010, plaintiff appealed UNUM's termination of his benefits. Among other things, plaintiff sent UNUM additional documentation of his disability and asked that it pay his benefits. On or about November 3, 2010, UNUM denied plaintiff's appeal and refused to pay further benefits under the policies and the Plan.

12. Plaintiff has exhausted his administrative remedies.

13. At all relevant times herein, plaintiff has been, and remains, disabled and entitled to benefits under the terms of the policies and the PLAN.

**FIRST CLAIM FOR RELIEF**
(Claim for Plan Benefits Pursuant to ERISA § 502(a) (1) (B))

14. Plaintiff realleges and incorporates as though set forth in full the allegations contained in paragraphs 1 through 13 of this complaint.

15. ERISA § 502(a) (1) (B) (29 U.S.C. § 1132 (a) (1) (B)), permits a participant in a plan to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan, and/or clarify his rights to future benefits under the terms of a plan.

16. By, *inter alia*, failing to pay plaintiff long-term disability benefits, despite his complying with the policies' and the PLAN's requirements of submitting written proof of his disability; relying on a standard of proof not articulated in the policies' and the PLAN's provisions; refusing to provide plaintiff with medical or other documentation which substantiated the decision to terminate benefits; and failing to produce documents to which plaintiff was entitled pursuant to ERISA and the applicable Department of Labor Regulations, defendants have violated, and continue to violate, the terms of the policies and the PLAN and plaintiff's rights thereunder.

**WHEREFORE,** plaintiff prays that the Court enter judgment against defendants, and each of them, as is hereinafter set forth.

**SECOND CLAIM FOR RELIEF**
(For Equitable Relief Under ERISA §502(a) (3))

17. Plaintiff incorporates as though set forth in full the allegations contained in paragraphs 1 through 16 of this complaint.

18. ERISA § 502(a) (3) (29 U.S.C. § 1132 (a) (3)), permits a participant in a plan to bring a civil action to obtain equitable relief to redress any act or practice which violates the terms of a plan or ERISA, or to enforce any term(s) of the plan or of ERISA.

19. In refusing to pay the benefits at issue herein, defendants have violated the terms of the PLAN and ERISA by its acts, including, but not limited to: breaching their fiduciary

duties under ERISA § 404 (29 U.S.C. § 1104); violating the terms of the policies and the PLAN; failing to furnish plaintiff with documents relating to his claim for benefits within the specified time period; acting in bad faith by terminating his claim in reliance upon a standard not set forth in the policies and the PLAN; failing to provide specific reference to pertinent PLAN provisions on which the termination was based; failing to provide plaintiff with a description of what was needed to perfect his claim; and ignoring medical records and physicians' opinions which support plaintiff's claim.

**WHEREFORE,** plaintiff prays that the Court enter judgment against defendants, and each of them, as is hereinafter set forth.

### THIRD CLAIM FOR RELIEF
(Breach of Contract)

20. Plaintiff incorporates as though set forth in full the allegations contained in paragraphs 1 through 19 of this complaint.

21. All premiums due under the policies have been paid and plaintiff has performed all obligations under said policies on plaintiff's part to be performed.

22. Defendants continue to fail and refuse to pay plaintiff disability benefits owing despite his demand for, and entitlement to, the same. Said failure and refusal constitutes a material breach of the insurance policies previously referenced.

23. As a direct and proximate result of defendant's conduct as alleged herein, plaintiff has suffered, and will continue to suffer, monetary and non-monetary damages, in an amount to be determined at trial, including but not limited to, loss of his disability insurance benefits, interest on those benefits, emotional distress, and attorneys' fees and costs incurred in attempting to compel defendants to pay benefits under the policies.

24. Plaintiff demands a trial by jury as to this third claim for relief only.

WHEREFORE, plaintiff prays that the Court enter judgment against defendants, and each of them, as follows:

## PRAYER FOR RELIEF

A. Declare that defendants violated the terms of the policies and the PLAN and plaintiff's rights thereunder by failing to pay plaintiff his disability benefits;

B. Order defendants to pay plaintiff all disability benefits due him pursuant to the terms of the policies and the PLAN, together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;

C. Declare plaintiff's right to receive future benefit payments under the terms of the policies and the PLAN;

D. Declare that defendants have breached their statutory and fiduciary duties to plaintiff and the PLAN and enjoin them from further breaches of said duties;

E. Remove UNUM as a fiduciary of the PLAN and replace UNUM with an independent fiduciary;

F. Award plaintiff pre-judgment interest on all monies requested herein; and

G. Award plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g) (29 U.S.C. § 1132 (g));

H. Provide such other relief as the Court deems equitable and just.

**ROBOOSTOFF & KALKIN**

Dated: October 28, 2013     By: _____
                             Scott Kalkin
                             Attorneys for plaintiff