1  Scott Kalkin 120791
   **ROBOOSTOFF & KALKIN**
2  A Professional Law Corporation
   369 Pine Street, Suite 820
3  San Francisco, California 94104
   (415) 732-0282
4
   Attorney for Plaintiff Richard Trecartin
5

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| Richard Trecartin, | ACTION NO.: C 13-05024 NC |
|---|---|
| Plaintiff, | **EX PARTE APPLICATION AND [PROPOSED] ORDER TO CONTINUE CASE MANAGEMENT CONFERENCE AND RELATED DEADLINES** |
| v. | |
| UNUM Life Insurance Company of America, and Provident Life and Accident Insurance Company, | AS MODIFIED |
| Defendants. | |

I, Scott Kalkin, counsel for plaintiff in the above-referenced matter, hereby make the following *ex parte* application to the Court.

1. This is an ERISA long term disability case in which the Court had set the initial case management conference for January 29, 2014.

2. The complaint in this matter was filed on October 29, 2013.

3. On October 30, 2013, plaintiff's counsel received a call from Marybeth Fougere, in-house counsel for both of the defendants in this matter. She informed me that she had become aware that suit in this matter had been filed.

Ex Parte Application                              1                          Case No: 13–05024 NC

4. During the course of our conversation we discussed whether it would be worthwhile to attempt to resolve this matter without the necessity of service of the complaint or defendants incurring the cost of retaining outside counsel. We agreed to attempt to do so.

5. As such, I filed a request that the Court continue the case management conference until March 26, 2014. That request was granted on January 21, 2014.

6. A second request to continue the case management conference to May 28, 2014, was granted on March 18, 2014.

6. The parties have continued their negotiations, however, during the course of defendants' review of certain financial information provided to her by plaintiff's counsel, a request for additional financial information was made, which plaintiff is attempting to compile. Once this information is provided and defendants' evaluation of it is complete, settlement discussions can continue. As such the parties require more time to complete their negotiations.

7. Given the parties' desire to continue their settlement discussions prior to defendants having to engage outside counsel to file a response to the complaint, it is requested that the case management conference and associated dates set forth in the Court's Scheduling Order be continued for approximately sixty (60) days.

8. The currently scheduled and proposed dates are as follows:

|  | Scheduled | Proposed |  |
|---|---|---|---|
| Meet and Confer re: Initial Disclosures and ADR | 5-5-14 | ~~7-7-14~~ | 6/9/14 |
| Complete Disclosures | 5-19-14 | ~~7-21-14~~ | 6/16/14 |
| Case Management Conference | 5-28-14 | ~~7-30-14~~ | 6/25/14 at 10:00am |

9. In light of the forgoing, good cause exists for the continuance and it is requested that the Court modify its Scheduling Order as set forth above, or to some time thereafter which is

---

Ex Parte Application                              2                        Case No: 13–05024 NC

1  convenient to the Court.

2      I declare that the forgoing is true and correct to the best of my knowledge and that this

3  declaration was made at San Francisco, California.

                                              Respectfully submitted,

                                              **ROBOOSTOFF & KALKIN**

8  Dated: May 22, 2014                       By: _____/s/_____
                                                  Scott Kalkin
9                                                 Attorneys for Plaintiff

### ~~PROPOSED~~ ORDER

Good cause having been shown, the Court hereby modifies its Scheduling Order as set forth above., as modified.

IT IS SO ORDERED.

Dated:  May 23, 2014

                                              The Honorable Nathanael M. Cousins

*IT IS SO ORDERED AS MODIFIED*
*Judge Nathanael M. Cousins*

---

Ex Parte Application                  3                    Case No: 13–05024 NC